**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE KNUDSON,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>OREGON SHEET METAL WORKERS MASTER RETIREMENT FUND TRUST; BOARD OF TRUSTEES OF OREGON SHEET METAL WORKERS MASTER RETIREMENT FUND TRUST; EMPLOYER-INDUSTRIAL SHEET METAL WORKERS LOCAL 16 PENSION TRUST; EMPLOYER-INDUSTRIAL SHEET METAL WORKERS LOCAL 16 PENSION TRUST BOARD OF TRUSTEES,<br><br>   Defendants-Appellees. | No. 18-35857<br><br>D.C. No. 3:17-cv-00647-AA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 9, 2019[**]
Seattle, Washington

Before: McKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,[***] District Judge.

Plaintiff Eugene Knudson appeals the district court's order granting summary judgment in favor of defendants. Knudson alleged violations of the Employee Retirement Income Security Act ("ERISA"), specifically that the Boards of Trustees for the Pension Trust and for the Master Trust abused their discretion by denying Knudson early retirement benefits.[1] The district court concluded that the Boards did not abuse their discretion, and granted summary judgment in favor of defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"Where an ERISA Plan grants discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a plan administrator's interpretation of a plan is reviewed for abuse of discretion." *Tapley v. Locals 302 & 612 of Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013) (internal citations and quotation marks omitted).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

[1] Because the parties are familiar with the facts, we recite only those facts necessary to resolve this appeal.

"We review the district court's application of this standard and the district court's grant of summary judgment de novo." *Lehman v. Nelson*, 862 F.3d 1203, 1216 (9th Cir. 2017).

1. The Pension Trust requires that an applicant seeking early retirement benefits refrain "from any employment anywhere for wages or profit as a sheet metal worker." The Board of Trustees for the Pension Trust concluded that Knudson's current employment for the Bonneville Power Administration ("BPA") as a welder constituted employment as a "sheet metal worker." The Board reasoned that the nature of Knudson's work for BPA was similar in nature to the work performed by other sheet metal workers. Although it is conceivable that one could work as a welder without being employed as a sheet metal worker—i.e., not all welders are necessarily sheet metal workers—the Board's rationale avoided "sweep[ing] within its ambit an overly broad range of skills." *Tapley*, 728 F.3d at 1141 (citation and quotation marks omitted). We conclude that the Board's interpretation was reasonable. *See O'Rourke v. N. Cal. Elec. Workers Pension Plan*, 934 F.3d 993, 1000–01 (9th Cir. 2019) ("We will accept the Board's interpretation unless it is not grounded on *any* reasonable basis." (citations and quotation marks omitted)).

2.  The Master Trust requires that an applicant seeking early retirement benefits refrain "from any employment anywhere for wages or profit in the sheet metal industry."  The Board of Trustees for the Master Trust concluded that Knudson was currently working in the sheet metal industry, reasoning that the type of work Knudson performed for BPA was substantially similar to work that other Local 16 members were performing.  Regardless of the core nature of BPA's business, it is plausible that some of its employees may be employed in the sheet metal industry, while others are not.  Thus, it was rational for the Board to compare the work performed by other workers in the sheet metal industry with the work performed by Knudson at BPA.  *See id.*  Knudson offers an alternative definition for "sheet metal industry," but "fails to exclude the Board's interpretation as a reasonable possibility," *id.* at 1001.  We conclude that the Board's interpretation was reasonable.  *See id.*

**AFFIRMED.**

4